UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re BLUE COAT SYSTEMS, INC. DERIVATIVE LITIGATION | ) ) ) |
| | ) |
| This Document Relates To: | ) ) |
| ALL ACTIONS. | ) ) ) |

MASTER FILE NO.: C-06-4809-JF (RS)
[Consolidated with C-06-5453]

~~[PROPOSED]~~ ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing pursuant to the Order of this Court, dated November 15, 2010 ("Preliminary Order"), on the application of the parties for approval of the proposed settlement (the "Settlement") set forth in the Stipulation of Settlement dated October 1, 2010, and the exhibits thereto (the "Stipulation");

The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement; the Court being fully advised of the premises and good cause appearing therefore, enters this Revised Order and Final Judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein).

2. This Court has jurisdiction over the subject matter of the Federal Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3. The Court finds that the notice provided to Blue Coat shareholders constituted the best notice practicable under the circumstances. The notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

4. The Court finds that, during the course of the litigation of the Actions, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws, including California Code of Civil Procedure §128.7.

5. The Court finds that the terms of the Stipulation are fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6. The Federal Action and all claims contained therein as well as all of the Released Claims, are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Upon the Effective Date, Blue Coat, Plaintiffs (acting on their own behalf and derivatively on behalf of Blue Coat), the Special Committee, and each of Blue Coat's shareholders (solely in their capacity as Blue Coat shareholders) shall be deemed to have, and by operation of this

- 1 -

- 2 -

Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims against the Released Persons.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

8. Upon the Effective Date, each of the Released Persons and the Special Committee shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Plaintiffs and Plaintiffs' Counsel from all claims (known or unknown) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

9. Upon the Effective Date, Blue Coat and the Special Committee and/or their Related Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Individual Defendants and Ernst & Young and their Related Parties from all Released Claims, including, but not limited to, any claims against Individual Defendants for reimbursement as to any attorneys' fees or expenses advanced to the Individual Defendants in the Actions or in proceedings before or involving the SEC.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

10. The Court hereby approves the Fee and Expense Award in accordance with the Stipulation and finds that such fee is fair and reasonable.

11. The Court hereby approves a service award of $2,000 each to plaintiffs Kermit Baker, Carolyn Adduci, and Julie Hathaway to be paid from Plaintiffs' Counsel's Fee and Expense Award.

12. The Court finds that by virtue of the Court's approval of the Settlement and its consideration of the fairness of the terms and conditions of the Settlement, after due notice to Blue Coat shareholders and the Settling Parties, the issuance of the Share Payment by Blue Coat as part of the Settlement for distribution to Plaintiffs' Counsel is fair to the affected parties and shall be exempt from registration under the Securities Act of 1933, as amended (the "Securities Act"), pursuant to §3(a)(10) of the Securities Act.

13. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties; or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal or administrative.  The Released Persons may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; and any of the Settling Parties may file the Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement.

14. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order and Final Judgment shall be vacated, and all Orders entered and releases delivered in connection with the Stipulation and this Order and Final Judgment shall be null and void, except as otherwise provided for in the Stipulation.

16. This Order and Final Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 1-14-11

THE HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT JUDGE

Submitted by:

s/ Marc M. Umeda
MARC M. UMEDA

- 3 -

[PROPOSED] ORDER AND FINAL JUDGMENT
Lead Case No. 5:06-cv-04809-JF

ROBBINS UMEDA LLP
BRIAN J. ROBBINS
MARC M. UMEDA
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: 619/525-3990
619/525-3991 (fax)

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087
Telephone: 610/225-2677
610/225-2678 (fax)

Co-Lead Counsel for Federal Plaintiffs

568659

- 4 -

[PROPOSED] ORDER AND FINAL JUDGMENT
Lead Case No. 5:06-cv-04809-JF